UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTOPHER BROICH,

      Plaintiff,

  -against-

THE INCORPORATED VILLAGE OF SOUTHAMPTON,
THE BOARD OF TRUSTEES OF THE INCORPORATED
VILLAGE OF SOUTHAMPTON, MARK EPLEY,
Individually and as Mayor of the Incorporated Village of
Southampton, BONNIE M. CANNON, Individually and
as Trustee of The Incorporated Village of Southampton,
NANCY C. McGANN, Individually and as Trustee of the
Incorporated Village of Southampton, PAUL L. ROBINSON,
Individually and as Trustee of the Incorporated Village of
Southampton, LARS KINGS, Individually and as former
Chief of Police of the Incorporated Village of Southampton,
and WILLIAM WILSON, JR., Individually and as
Chief of Police of the Incorporated Village of Southampton,

      Defendants.
------------------------------------------------------------X

CV-08-0553 (SJF)(ARL)

**OPINION & ORDER**

FEUERSTEIN, J.

  Before the Court are defendants' objections to an Order of Magistrate Judge Arlene R. Lindsay dated April 15, 2010 ("the Order") that denied their motion to disqualify plaintiff's counsel, the Law Offices of Steven A. Morelli ("Morelli"), without prejudice. For the reasons stated herein, the Order of Magistrate Judge Lindsay is affirmed in its entirety.

I. Standard of Review

  "A district court may refer, without the parties' consent, both nondispositive and dispositive motions to a magistrate judge for decision or recommendation, respectively."

Marcella v. Capital District Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); see 28 U.S.C. § 636; Fed. R. Civ. P. 72. Within ten (10) days of service of a magistrate judge's order or recommendation, any party may file written objections thereto. Marcella, 293 F.3d at 46; 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. This court must consider any objections to a magistrate judge's decision on a nondispositive motion and modify or set aside any portion thereof which is found to be "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); see Mitchell v. Century 21 Rustic Realty, 233 F.Supp.2d 418, 430 (E.D.N.Y. 2002), aff'd, 45 Fed.Appx. 59 (2d Cir. Sept. 6, 2002). Reversal is only permitted where the magistrate judge abused his or her discretion. See Mitchell, 233 F.Supp.2d at 430; McGrath v. Nassau County Health Care Corp., 204 F.R.D. 240, 242-243 (E.D.N.Y. 2001). "A party may not assign as error a defect in [a magistrate judge's] order [on a nondispositive pretrial matter] not timely objected to." Fed. R. Civ. P. 72(a).

II. Objections

Defendants contend that Magistrate Judge Lindsay erred, *inter alia*, in: (1) finding that Morelli's "actions pose no risk of harm to the integrity of the legal profession," (Obj., p. 2), and "seemingly neglect[ing] to consider the other ethical canons [besides Rule 1.9 of the New York Code of Professional Conduct] defendants cited which [Morelli] seemingly violated," (Obj., pp. 2-3), i.e., Rule 1.6 of the New York Rules for Professional Conduct[1] and Canons 4 and 9 of the

---

[1] In response, plaintiff notes, *inter alia*, that defendants did not assert a violation of Rule 1.6 in their original motion to disqualify and cited that Rule for the first time in their reply papers.

2

Model Code of Professional Responsibility; (2) holding that defendants "must show"[2], (Obj., p. 5), "that Morelli in fact had access to any privileged documents that he would not otherwise have access to in this case," (Order, p. 2), since, *inter alia*, "the mere nature of Mr. Morelli's involvement as one of the three founding partners of the relatively small firm of Leeds, Morelli & Brown, is sufficient for the court to assume that during the course of his prior firm's representation of Herman Lamison, client confidences were disclosed," (Obj., p. 5); and (3) finding that defendants have failed to demonstrate that the interests of Herman Lamison ("Lamison"), Morelli's former client, and plaintiff, Morelli's current client, are materially adverse since in the former case, Morelli's prior firm argued that Lamison was qualified for the position of detective sergeant but his promotion was delayed because he is black, whereas in the instant action, Morelli alleges that plaintiff was qualified for the position of detective sergeant, but that Lamison was not, and that plaintiff was denied a promotion because he is white.

Upon review of the Order, and careful consideration of defendants' objections and plaintiff's responses thereto, I conclude that defendants did not satisfy their heavy burden of showing that Magistrate Judge Lindsay's Order is clearly erroneous or contrary to law. Accordingly, defendants' objections are overruled and the Order of Magistrate Judge Lindsay dated April 15, 2010 is affirmed in its entirety.

---

[2] As plaintiff correctly notes, Magistrate Judge Lindsay did not hold that defendants "must show" that Morelli had access to privileged documents. Rather, in denying defendants' motion, Magistrate Judge Linsday found that defendants failed to show both that the interest of Morelli's two (2) clients were materially adverse and that Morelli in fact had access to any privileged documents. (Order, p. 2).

III. Conclusion

Upon review of the Order and consideration of defendants' objections thereto, defendants' objections are overruled and the Order is affirmed in its entirety.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 18, 2010
       Central Islip, New York