UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHRISTOPHER BROICH,

                      Plaintiff,

   -against-

THE INCORPORATED VILLAGE OF
SOUTHAMPTON, THE BOARD OF TRUSTEES
OF THE INCORPORATED VILLAGE OF
SOUTHAMPTON, MARK EPLEY, Individually and
as Mayor of The Incorporated Village of Southampton,
LARS KING, Individually and as Former Chief of Police of
The Incorporated Village of Southampton, and WILLIAM
WILSON JR., Individually and as Chief of Police of
The Incorporated Village of Southampton,

                      Defendants.
------------------------------------------------------------------------X

**JOINT PRETRIAL ORDER**
08-CV-553 (SJF)(ARL)

## I.  FULL CAPTION

The full caption of this action is set forth above.

## II.  TRIAL COUNSEL

Attorneys for Plaintiff:
Steven Morelli, Esq.
Law Office of Steven A. Morelli, P.C.
1461 Franklin Avenue
Garden City, N.Y. 11530
Tel: (516) 279-5575
Fax: (516) 280-7528

Russell Platzek, Esq.
Law Office of Steven Morelli, Esq.
1461 Franklin Avenue,
Garden City, NY 11530
Tel: (516) 279-5575
Fax: (516) 280-7528

Attorneys for Defendants
Jeltje De Jong, Esq.
Devitt Spellman Barrett, LLP
50 Route 111, Suite 314
Smithtown, NY 11787
Tel: (631) 724-8833
Fax: (631) 724 8010

Anabia Hasan, Esq.
Law Office of Steven Morelli, Esq.
1461 Franklin Avenue,
Garden City, NY 11530
Tel: (516) 279-5575
Fax: (516) 280-7528

### III. TYPE AND ANTICIPATED LENGTH OF TRIAL

1. **Plaintiff's Statement:** Plaintiff demanded a jury trial in his pleadings Plaintiff estimates (5-7) days of trial will be needed. Plaintiff would like to reserve one additional day after Defendants have concluded putting on their case for the purpose of calling rebuttal witnesses, if needed.

2. **Defendants' Statement:** Defendant estimates that this trial should take 4 days.

### IV. ASSERTION OF SUBJECT MATTER JURISDICTION

1. **Plaintiff's Statement:** This Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 & 1343. Venue is proper in this case pursuant to 28 U.S.C. § 1391 because (1) the defendants reside in Suffolk County, State of New York which is located in the judicial district of the Eastern District of New York, and (2) a substantial part of the events and/or omissions which give rise to Plaintiff's claim took place in Suffolk County, State of New York which is located in the judicial district of the Eastern District of New York.

2. **Defendants' Statement:** Venue is proper in the Eastern District because the defendant municipality is located within the Eastern District.

## V.     SUMMARY OF CLAIMS AND DEFENSES TO BE TRIED

**Plaintiff's Claims:**

1. Defendants engaged in discriminatory and disparate treatment by virtue of their failure to promote Plaintiff in violation of § 1981 of the United States Constitution.

2. Defendants discriminatory action were aided and abetted by, and with the full knowledge and consent of Defendant Epley in violation of § 1981 of the United Stated Constitution.

3. Defendants discriminatory action were aided and abetted by, and with the full knowledge and consent of Defendant King in violation of § 1981 of the United Stated Constitution.

4. Defendants discriminatory action were aided and abetted by, and with the full knowledge and consent of Defendant Wilson in violation of § 1981 of the United Stated Constitution.

5. The Plaintiff seeks statutory costs, attorney's fees, lost wages, and promotional opportunities, and punitive damages in an amount to be determined

**Defendants' defenses:**

Defendants Epley and Wilson are no longer proper defendants in this action as a result of decisions by Judge Feuerstein and the Second Circuit Court of Appeals which dismissed various claims against them. Epley was not employed by the Village at the time of this allegation and there is no conspiracy claim, he therefore cannot be held liable for the failure to promote plaintiff. Wilson as lieutenant had no involvement in the failure to appoint the plaintiff to the position, and all allegations against him are against his actions as chief of police, the claims against him were dismissed and therefore he should be withdrawn as a defendant.

Plaintiff fails to state a claim under 42 USC §1981.

No policy, regulation, decision, custom or practice adopted, followed or endorsed or ratified by the defendants authorize a deprivation of plaintiff's constitutional rights.

Defendant appointed the better candidate and therefore had a legitimate business purpose for not appointing the plaintiff to the position of detective sergeant.

## VI. STATEMENT OF STIPULATED FACTS

1. Plaintiff Christopher Broich was employed by the Southampton Village Police Department from May 16, 1988, through December 13, 2007.

2. Herman Lamison, an African American, was promoted to the position of Detective Sergeant within the Southampton Village Police Department on February 18, 2005.

3. Plaintiff's last day of employment was December 13, 2007.

## VII. SCHEDULE OF EXHIBITS

*Plaintiff's Exhibits*

| **Exhibits** | **Description** | **Objections** |
|---|---|---|
| **1.** | CD/DVD 1 | Authenticity, relevancy, 901, 401, 403 |
| **2.** | CD/DVD 2 | " |
| **3.** | CD/DVD 3 | " |
| **4.** | CD/DVD 4 | " |
| **5.** | CD/DVD 5 | " |
| **6.** | CD/DVD 6 | " |
| **7.** | CD/DVD 7 | " |
| **8.** | CD/DVD 8 | " |
| **9.** | CD/DVD 9 | " |
| **10.** | Plaintiff's EEOC Charge of Discrimination dated 12/27/05, Bates 6-11 | Plaintiff does not have a Title VII claim, not relevant, 401,403 Defendants reserve the right to use this document for impeachment purposes. |
| **11.** | General Order 58, Bates 13-14 | |

| **Exhibits** | **Description** | **Objections** |
|---|---|---|
| 12. | Plaintiff's performance review dated April 15, 2006, Bates 26-28 | 401, 403 |
| 13. | Plaintiff's performance review dated April 15, 2006, with handwritten notes from Captain Cummings, Bates Def. 1808-1810 | 401, 403 |
| 14. | Plaintiff's performance review dated October 17, 2000, Bates Def. 1811-1815 | |
| 15. | Plaintiff's performance review dated April 25, 2000, Bates Def. 1816-1820 | |
| 16. | Plaintiff's performance review dated October 30, 1998, Bates Def. 1826-1830 | |
| 17. | General Order 57, Bates 29-34 | |
| 18. | General Order 18, Bates 35-37 | 401,403 |
| 19. | Memo from James Mcfarlane to chief of police regarding officer's performance for 2004-05, Bates Def. 18864 | 401, 403 (dated 6/30/06) |
| 20. | Article dated 1/19/06 from Southampton Press entitled "Complaint challenges bias claim, makes new allegations" Bates 186-188 | 801, 802, 403 |
| 21. | Document entitled Agenda, dated 2/11/05 with resolution promoting Lamison to Sgt/Detective Sgt, Bates 400, 413 | |
| 22. | Document entitled Southampton Village Police Department Rules of Conduct, Bates 402-412 | 401, 403, over broad |
| 23. | Document entitled "New York State Law Enforcement Accreditation Program, standard 15.1" Bates 436-437 | 401, 403, 801 |
| 24. | Document entitled "Sgt (police: towns and villages), 5007" Bates 442-443 | |
| 25. | Preliminary Statement of Complaint by Plaintiff to NYSDOS, Bates 487-493 | 401,403 |
| 26. | Memo from Mark Epley regarding promotion of Lamison, Bates Def. 16221 | Not in original pto, 401,403 |
| 27. | General Order 73, Bates Def. 11572-11582 | 401, 403 |
| 28. | Organization Chart, Bates Def. 11610 | 401, 403 |
| 29. | General Order 64, Bates Def. 13399- | 401, 403 |

5

| **Exhibits** | **Description** | **Objections** |
|---|---|---|
| | 13401 | |
| 30. | Correspondence from Cummings to King regarding promotion of Lamison, Bates Def. 6000 | Not in original PTO, 401, 403 |
| 31. | General Order 63, Bates Def. 14736-14748 | 401, 403 |
| 32. | Plaintiff's personnel file, Bates Def. 1355-1876, 2041-2058 | Object to all documents dated following appointment date of 2/18/05 |
| 33. | Lamison personnel file, Bates Def. 941-1354, 16219-16225 | Object to all documents dated following appointment date of 2/18/05 |
| 34. | Letter from King to Romanosky dated February 10, 2005, Bates Def. 16219 | |
| 35. | Promotional announcement of Lamison, Bates Def. 16220 | |
| 36. | Promotional Examination for position of Police Sergeant, Bates Def. 14064-14079 | Not in original PTO, 401, 403 |
| 37. | Letter from Wilson to Lamison dated November 15, 2006, Bates Def. 1119-1120 | 401, 403 |
| 38. | NYS accreditation standard 34.2, Bates Def. 15881 | 401, 403 |
| 39. | Village police department policy manual, Bates Def. 9668-9725 | Overly broad |
| | | |
| 40. | General order 45, Bates Def. 10423-10431 | 401, 403 (post event) |
| 41. | General order 77, Bates Def. 10059-10063 | |
| 42. | General order 84, Bates Def. 10080-10085 | 401, 403 |
| 43. | General Order 103, Bates Def. 1877-1892 | 401, 403 (amended post event) |

| | | |
|---|---|---|
| 44. | Schedule A to CBA, Bates Def. 1900 | 401, 403 |
| 45. | Certificates of Disposition, Bates Def. 1924, 1912 | 401, 403 |
| 46. | Organizational Chart dated October 1999, Bates Def. 11167 | 401, 403 |
| 47. | Promotional List for Police Sergeant dated March 18, 2005 | Not in original PTO, never provided, 401, 403 |

| | | |
|---|---|---|
| **48.** | General Order 113, Bates Def. 5952-5955 | Not in Original PTO, 401, 403 |
| **49.** | Commendation to Plaintiff from Sherry dated December 12, 1994, Bates Def. 14189 | |
| **50.** | Portions of Collective Bargaining Agreement adopted December 3, 2003, Bates Def. 14079(A)-14080 | Not in original PTO, 401, 403 |
| **51.** | Southampton Village Police Department Rules of Conduct, Bates Def. 4185-4194 | Overly borad |

Plaintiff reserves the right to offer any exhibit listed by the Defendants, whether or not Defendants actually offer such exhibit at the time of trial. Defendants reserve the right to offer any relevant exhibit listed on plaintiff's exhibit list. Defendants further reserve the right to introduce documents not listed for impeachment purposes.

*Defendant's Exhibits*:

| **Exhibits** | **Description** | **Objections** |
|---|---|---|
| **A.** | General Order 77: Discrimination in the Workplace | |
| **B.** | Letter dated July 16, 2004 from Chief Sherry to Mayor/Board recommending Lamison for the position. | |
| **C.** | Memo dated February 10, 2005 from Capt. King to Mayor/Board recommending Lamison for the position. | |
| **D.** | General Order 58 : Promotions | |
| **E.** | Message dated February 17, 2005 from Capt. King to all personnel. | |
| **F.** | Board Minutes regarding Lamison appointment. | |
| **G.** | Board resolution regarding Lamison appointment. | |
| **H.** | Broich personnel file, documents prior to February 18, 2005 | |
| **I.** | Lamison personnel file, documents prior To February 18, 2005 | |
| **J.** | Board Minutes covering Lamison appointment | |
| | | |
| | | |

Defendants reserve the right to introduce documents not listed above for impeachment purposes.

**VIII. WITNESSES**

*Plaintiff's Witnesses:*

1. William Bates, Village Trustee who will testify that he initially opposed Lamison's promotion and was later pressured into voting for Lamison. 120 Court Street, Riverhead NY 11901

2. Bonnie M. Cannon, Village Trustee who, will testify that she delivered absentee ballots to Epley. 23 Main Street, Southampton NY 11968.

3. Andre E. Collins, President of Suffolk Minorities In Law Enforcement, who will testify that at a 2005 public board meeting, he organized a rally of representatives of different minority organizations to pressure the Trustees in promoting a minority officer. 69 Northside Drive, Sag Harbor NY 11963

4. Steven Demarco, former Southampton Village police officer who will testify that Lamison was not qualified to be the Detective Sergeant. 110 Old Riverhead Rd, Hampton Bays, NY 11946.

5. Robert Mark Epley, Mayor who will testify that the Southampton Village Police Department does not follow its own General orders in making promotions in the village of Southampton, or in the alternative, that he does not know that the general orders exist. 158 Harvest Lane, Southampton, New York 11968.

6. Darren Gagnon, Sergeant who will testify that he was eligible for the position, but was passed up. 151 Windmill Lane, Southampton, New York 11968.

7. Lars King, retired Chief of Police who presided over the force when Plaintiff was denied the promotion to Detective Sergeant. 246 Little Plains Road, Southampton, New York 11968.

8. Herman Lamison, individual who was appointed Detective Sergeant over Plaintiff. 151 Windmill Lane, Southampton, New 11968.

9. Howard Lewis, Lieutenant who will testify that he conducted Plaintiff's evaluation in 2005, and that Chief of Police ordered him to conduct the evaluation even though he was not Plaintiff's reporting supervisor. 151 Windmill Lane, Southampton, New York 11968

10. James McFarlene, Village Trustee who will testify that Plaintiff was qualified as Chief of Police. 81 Wyandanch Lane, Southampton, NY 11968.

11. Orsen Munn, Ethics Board member who will testify that he was on Ethics Board with Plaintiff, and that Plaintiff was removed by the Mayor, and that he later resigned. 43 Foster Crossing, Southampton, NY 11968.

12. James Van Nostrand, Southampton Village Administrator who will testify that he attended every executive meeting. 23 Main Street, Southampton NY 11968.

13. Paul L. Robinson, Village Trustee who will testify that he voted against Plaintiff for Detective Sergeant. 23 Main Street, Southampton, New York 11968.

14. James Sherry, Retired Police Chief who will testify that he wrote a letter of recommendation for Lamison to get the job, which is not in compliance with General Order #58.  3 Linda Lane, Hampton Bays, NY, 11946.

15. Harold Steudte, Village Trustee who initially abstained from voting Lamison to Detective Sergeant. 58 Tuckahoe Lane, Southampton, New York 11968.

16. Lucis Ware, Chapter President of NAACP who will testify that was at meeting which voted Lamison to Detective Sergeant. 33 Flying Point Road, Unit 2142, Southampton, NY 11968.

17. William Wilson Jr., Defendant, Current Chief who will testify as to the promotion of Lamison. Orchard Lane, Southampton, NY 11968.

Plaintiff reserves all rights to call any witness on Defendants' Witness List, and reserves all rights to present witness testimony at trial as permitted under the Federal Rules of Civil Procedure and Local Civil Rules.

*Defendant's Witnesses:*

1. Christopher Broich will testify regarding his failure to be appointed to the position of detective sergeant.

2. Lars King will testify regarding his knowledge of facts and police department policy prior to his retirement.

3. Captain Thomas Cummings will testify regarding police department procedure.

9

    4.      Marla Donovan will testify regarding plaintiff's shortcomings as sergeant.

    5.      Mark Epley will testify regarding his lack of knowledge regarding Broich's failure to be appointed to detective sergeant, and his basic knowledge of Broich's demeanor and unprofessional conduct.

    6.      Herman Lamison will testify to his abilities and qualifications.

    7.      Robert Romeo will testify regarding his knowledge of plaintiff's performance within the police department.

    8.      Officer Stephen Kellis will testify regarding his knowledge of plaintiff's performance within the police department.

    9.      Sergeant David Dorchak will testify regarding his knowledge of plaintiff's performance within the police department.

    10.    William Wilson will testify to his knowledge regarding plaintiff's performance within the police department.

## IX.    DEPOSITION TESTIMONY

1. **Plaintiff's Designation of Deposition Testimony:** Plaintiff does not intend to offer any deposition testimony as part of his case in chief unless a witness becomes unavailable for trial, or unless the testimony is to be used for purposes of impeaching a witness or refreshing a witness' recollection.

2. **Defendants' Designation of Deposition Testimony:** Defendants do not intend to offer any deposition testimony as part of their case in chief unless a witness becomes unavailable for trial, or unless the testimony is to be used for purposes of impeaching a witness or refreshing a witness' recollection.

    **IT IS FURTHER ORDERED** that the Court, in order to prevent manifest injustice or for good cause shown, may, at the trial of the within action or prior thereto, upon application by counsel for either party made in good faith, or upon the motion of the Court, modify this Pretrial Order upon such conditions as the Court may deem just and proper.

Dated: New York, New York

November 19, 2014

| | |
|---|---|
| **Steven A. Morelli** | **Jeltje De Jong** |
| *Attorneys for Plaintiff* | *Attorney for Defendants* |
| The Law Office of Steven A. Morelli, P.C. | Devitt Spellman Barrett, LLP |
| 1461 Franklin Avenue | 50 Route 111, Suite 314 |
| Garden City, NY | Smithtown, NY 11787 |
| Tel:    (516) 393-9151 | |
| | |
| By:    _____s/_____ | By:    _____ |
|         Anabia Hasan, Esq. |         Jeltje De Jong |

11