UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHRISTOPHER BROICH,

                Plaintiff,

-Against-

                **Plaintiff's Response to Defendants' Motion in Limine**

                08-CV-553 (SJF) (ARL)

THE INCORPORATED VILLAGE OF
SOUTHAMPTON, THE BOARD OF TRUSTEES
OF THE INCORPORATED VILLAGE OF
SOUTHAMPTON, MARK EPLEY, Individually and
As Mayor of the Incorporated Village of Southampton,
LARS KING, Individually and as Former Chief of Police of
The Incorporated Village of Southampton, and WILLIAM
WILSON JR., Individually and as Chief of Police of
The Incorporated Village of Southampton,

                Defendants.
------------------------------------------------------------------------X

## I. PRELIMINARY STATEMENT

Plaintiff, a Caucasian male, brings forth the foregoing action, challenging Defendants' decision in failing to appoint Plaintiff to the position Detective Sergeant, and instead choosing to appoint Herman Lamison ("Lamison"), an African-American male to the position. Significantly, pursuant to Defendants' own polices, Lamison was not qualified for the position, and Defendants' decision was primarily motivated by a impermissible racially-charged animus, which specifically included catering to the African-American community and other racially-charged special interest groups. By virtue of this decision, which both tangible and testimonial evidence will illustrate was motivated by race, Defendants engaged in discriminatory and

1

disparate treatment by virtue of their failure to promote Plaintiff in violation of § 1981 of the United States Constitution.

### II. DEFENDANTS MARK EPLEY AND WILLIAM WILSON, BY VIRTUE OF THEIR ACTIONS, AIDED AND ABETTED DEFENDANT IN VIOLATION OF THE § 1981 OF THE UNITED STATES CONSTITUTION.

Section 1981 expressly prohibits individuals, including employees, from engaging in racial discrimination. Notably, individuals may be found to be liable, even where the corporation is not found to be liable, Al-Khazraji v. Saint Francis College, 784 F.2d 505, 518 (3d Cir. 1986) ("employees of a corporation may become personally liable when they intentionally cause an infringement of rights protected by Section 1981, regardless of whether the corporation may also be held liable"). Moreover, even where such individual is not the final decision maker, courts have long recognized that a final decision-maker's reliance on an improperly-motivated recommendation from a subordinate may render the corporate employer liable because the subordinate acts as the firm's agent. See e.g., Shager v. Upjohn Co., [ 54 EPD ¶ 40,229] 913 F.2d 398, 405 (7th Cir. 1990) ("If the [formal decision-makers] acted as the conduit of the [subordinate's] prejudice—his cat's-paw—the innocence of [the decision-makers] would not spare the company from liability."); see also Hicks v. Forest Preserve Dist., No. 11-1124, 2012 WL 1324084, at *6 (7th Cir. Apr. 18, 2012) (applying cat's paw theory to retaliation claim under Title VII). As applied in this circuit, "cat's paw" liability may be imposed on an employer "where the plaintiff can show that an employee with discriminatory animus provided factual information or other input that may have affected the adverse employment action." See Alexander v. Wisconsin Dep't of Health & Family Services, (81 EPD ¶ 40,769) 263 F.3d 673, 684 (7th Cir. 2001), quoting Dey v. Colt Construction & Development Co., (75 EPD ¶ 45,738 28 F.3d 1446, 1459 (7th Cir. 1994).

In the instant action, documentary and testimonial evidence demonstrates, that although they may not have been the final decision makers, the named Individual Defendants aided and abetted in Defendant's discriminatory decision to appoint Lamison, an unqualified individual, to the position of Detective Sergeant over Plaintiff, a qualified Caucasian employee. Significantly, the appointment of Lamison, an African American, was a political strategy on the part of individuals in key position of power, which included the then-Mayoral Candidate, Mark Epley, who sought to capitalize on the fruits of Lamison's promotion to garner African-American votes. Similarly, although William Wilson may not have been the final decision maker in connection with Defendants' decision to promote Lamison in lieu of Plaintiff, in his capacity as lieutenant, Defendant was able to exert considerable pressure on Defendants to appoint Lamison.

### III. THE ELECTRONIC RECORDINGS WITH RESPECT TO THE FEBRUARY 2005 MEETING AND MAYORAL DEBATES ARE RELEVANT AND DEMONSTRATIVE OF DEFENDANTS' INVIDIOUS AGENDA

The Federal Rules of Evidence favor the admission of all relevant evidence. See Fed.R.Evid. 402. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. See Fed.R.Evid. 401. A district court will "exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." United States v. Ozsusamlar, 428 F.Supp.2d 161, 154 (S.D.N.Y. 2006). "Indeed, courts considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context." United States v. Chan, 184 F.Supp.2d 337, 340 (S.D.N.Y.2002).

Notably, the Courts and the Federal Rules of Evidence extend a liberal standard to determine the relevancy of evidence. Evidence is relevant if it has any " 'tendency in reason to prove any material fact' " (Richardson, Evidence § 4 [Prince 10th ed], quoting Uniform Rules of

3

Evidence, rule 1[2]). Put another way, "evidence is relevant when it logically renders the existence of a material fact more likely or probable than it would be without the evidence" (Richardson, Evidence §§ 4, 5, *supra* ). In the instant case, the February 11, 2005 meeting consists of the open dialog between the Trustees and their reasons for promoting Lamison. It also features members of the African-American community and the pressures these individuals exerted upon the Trustees to promote Lamison. The Mayoral debates also evidence the racially-charged agenda for promoting Lamison, particularly Defendant Epley's own political agenda to exploit the race of Lamison to win the support of the African-American Community. Accordingly, these recordings are not only relevant, but central to Plaintiff's claims. Moreover, although Defendants' Counsel challenges the quality of the recordings, it must be noted that it was Defendants themselves who produced the recordings in response to a Freedom of Information Request initiated by Plaintiff. Plaintiff has endeavored to improve the quality of the recordings and an improved copy has been electronically provided to Defendants.

### PLAINTIFF'S EXHIBIT 7, 25, 37, DOCUMENTS CONCERNING MISCONDUCT BY LAMISON, CUMMINGS AND WILSON

Plaintiff does not intend use these recordings or any such documents for its case in chief; rather, Plaintiff reserves the right to rely on such documents for impeachment purposes. Moreover, to the extent such documents demonstrate the individuals' propensity for truthfulness, they constitute permissible character evidence upon which Plaintiff may rely for impeachment purposes. See F.R.E. 404(a)(3). F.R.E. 608(b) ("[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness ... may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning

4

the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.").

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendants' Motion in Limine in its entirety.

Dated: Garden City, New York
December 6, 2014

Respectfully Submitted,

_____/s/_____

Anabia Hasan Esq.
The Law Office of Steven A. Morelli, P.C.
1461 Franklin Avenue
Garden City, New York 11530
T: (516) 393-9151
F: (516) 280-7528

*Attorneys for Plaintiff*

5